IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.                                                         Case No.: 5:16po108/EMT

JENAE N. ROLLIER
_____/

**ORDER SETTING TRIAL, TRIAL INSTRUCTIONS
AND OTHER PRE-TRIAL MATTERS**

A.   Trial and Voir Dire Procedure.

1.   This case will be tried during the trial term commencing **Monday, November 21, 2016**, at Panama City, Florida, with jury selection to begin at **9:00** a.m. on that date for all cases scheduled for trial during that term.  Counsel shall be available to meet with the undersigned in chambers at **8:30** a.m.

2.   No plea or plea agreement will be accepted by this court unless it has been presented at a re-arraignment *no later than* **Tuesday, November 8, 2016**, in Panama City, Florida.  The court will not accept a negotiated plea after the aforesaid re-arraignment date.[1]

---

[1] **NOTE**: Unless expressly authorized by the undersigned, a plea of guilty may not be tendered on the day scheduled for jury selection/trial. An unauthorized plea on the day of trial will result in the imposition of costs against counsel or the Defendant, or both. The costs will include, but are not limited to, reimbursement of expenses incurred in summoning the jury venire and any trial witnesses.

3.	Should Defendant decide to plead guilty, his or her counsel should <u>immediately</u> contact the undersigned's chambers and request a change-of-plea hearing.

4.	Voir dire examinations of jurors will be conducted by the court. If a party wishes to submit voir dire questions for the court's consideration, the same must be in writing and filed with the Clerk at least **five (5) business days** prior to trial, with a copy to opposing counsel. At the conclusion of the court's voir dire examination and in the court's discretion, reasonable opportunity may be given for counsel or the court to ask additional questions that counsel believe should properly be asked because of answers given or other matters occurring during voir dire not satisfactorily explained by the court's inquiry.

5.	Jury selection will be accomplished in the manner specified to counsel prior to trial. Ordinarily, the court will draw the panelists' names from the venire, prepare an ordered list of the panelists, and provide the list to counsel immediately before jury selection begins. The jurors will then be selected as follows. For the first jury selected, the court will start with the top name on the list of panelists and go down the list until the first jury is selected. For the next and subsequent juries, if any,

the same procedure will be used, commencing with the next name on the list following the last juror selected on the preceding jury. When the last name on the list is reached, the next panelist considered will be the first unselected name on the list, and the same procedure will be repeated. The method of selection of jurors will be as follows:

    (a)    The panel, or a sufficient portion of the panel, will be examined, after which the Court will consider and rule on any challenges for cause;

    (b)    The attorneys then will be given the opportunity to exercise their challenges as in paragraph (c), below, until all the jurors and alternates are selected;

    (c)    The selection sequence will be done sequentially, in the order the prospective jurors are listed or seated, beginning first with the Government (criminal) or Plaintiff (civil) and then the Defendant (criminal and civil), alternatively accepting or challenging each prospective juror until the selection has been completed.

    (d)    In criminal cases, the parties shall be allotted the number of peremptory challenges provided by Fed. R. Crim. P. 24(b). If there are multiple defendants, the defendants may be allotted additional challenges, and all challenges are to be exercised jointly. *See id.*

(e) In civil cases, each party shall have the number of challenges provided by 28 U.S.C. § 1870, unless determined otherwise at the pretrial conference.

(f) Peremptory challenges for alternate jurors will be in accordance with Fed. R. Crim. P. 24(c), unless the court specifies otherwise.

(g) No back-striking will be permitted.

6. Requested jury instructions shall be filed **five (5) business days** prior to trial, and In accordance with Fed. R. Crim. P. 30. Upon good cause shown, supplemental requests for instructions may be submitted at any time prior to, or at, the close of the evidence. It is the court's policy to utilize the Pattern Jury Instructions of the Eleventh Circuit (2016 Ed.), and if the parties request use of these instructions only, they need not file the instructions and may identify the requested instructions merely by number. If requested instructions differ from the pattern instructions, the party submitting those instructions shall identify the differences and provide a rationale for their utilization in lieu of the pattern instructions. If there is no Eleventh Circuit pattern instruction similar or analogous to the requested instruction, then the request shall so specify. <u>Moreover, in a criminal case if no pattern jury instruction exists for the offense(s) charged, the parties shall confer and file with the court, **five (5) business days** prior to trial, a stipulated jury instruction for the offense(s) charged,</u>

<u>or if no stipulation is reached **each** party shall file proposed instructions for the offense(s) charged</u>.

B.   <u>Discovery and Inspection</u>.

In all criminal cases, the parties shall fully comply with N.D. Fla. Loc. R. 26.2 (eff. November 24, 2015), with the exception of the conference and joint report requirements within section (G)(1) of Rule 26.2.  The parties are exempt from the requirements of section (G)(1).

C.   <u>Motions Generally</u>.

   1.   Motions shall comply with the requirements of N.D. Fla. Loc. R. 7.1.

   2.   Motions in limine regarding evidentiary matters known to counsel, should be filed at least **seven (7) business days** prior to trial.  To the extent evidentiary matters requiring the court's attention arise after that time, counsel should make every effort to notify the court of the matter by filing the appropriate motion as soon as counsel is aware of the need for the motion.

D.   <u>Exhibits / Witness Lists</u>

   1.   All exhibits shall be pre-marked by counsel prior to the trial.  A corresponding exhibit list shall be prepared and provided to opposing counsel and the court prior to jury selection.

2.	A witness list shall be prepared and provided to opposing counsel and the court prior to jury selection.

E.	Continuing Nature of Order

1.	This order, to the extent that it applies to the matters referred to herein, is continuing in nature and extends through trial.

2.	If the trial of this cause is continued after the issuance of this order: (a) the requirements of this order remain in effect, and (b) the court must be notified of a plea at least **seven (7) days** prior to the rescheduled trial date.

**DONE AND ORDERED** this 18th day of October 2016.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**